## STOUTENBOROUGH v. HAVILAND.

A person in possession of a colored boy under fifteen years of age, and selling him as his own, is held to implied warranty of title, and is subject to the same rule as the seller of any other chattel. The presumption that every colored person is a slave till the contrary appears, ought no longer to be admitted, both from the fact that the generality of such persons in this State, are not slaves, as from the natural operation of the statute for the gradual abolition of slavery.

This was a *certiorari* directed to the Common Pleas of the county of Monmouth, on a matter of appeal from a Justice's court. The plaintiff in the court below, the defendant in this court, sued the now plaintiff, and recovered in a plea of trespass on the case. The declaration before the Justice contains two counts—the first of which need not be noticed, as it was not supported by the proofs. The second count sets out an exchange of a negro boy and twenty dollars, for a wagon, and warranty by the defendant below, " that the said boy was bound to serve according to the laws of New Jersey, till he was twenty-five years of age, (he then being fourteen years and six months and fourteen days old) and that the defendant had good right and title to said boy, and to make sale and disposition of him." The declaration then avers, " that the said negro boy was a free boy, and that the defendant had no right and title to him, and to dispose of him, in consequence of which he became of no value to plaintiff." It was found on the trial, that the sale or exchange was made by the agent of the defendant, and that he traded the boy " as Williams " (the defendant's) " boy," but made no special declaration or warranty as to the right of Williams the defendant, nor was it at all named at the time.

*Ryall* and *Vredenburgh*, for plaintiff in *certiorari.*

*Randolph* and *W. L. Dayton, contra.*

The opinion of the court was delivered by

Ryerson, J.    Before the court below, two principal questions were made, which have been reviewed here.

Does the declaration contain a sufficient specification of a legal cause of action ?

Was it supported by proofs ?

I am of the opinion that the second count in the declaration, is sufficient to support this action in a Justice's court, although it does not show any disposition of the boy; which I shall presently notice further. But the most important question in the case is, whether a person in possession of a colored boy under fifteen years of age, and selling him as " his boy," is by the law of this State, held to an implied warranty, a right to dispose of him, until he attain the age of twenty-five years. It was once the doctrine of this court, that every colored person was presumed a slave till the contrary was shown. At that time, the seller of such a person, being in possession, would be under an implied warranty of title. And, although in the Oyer and Terminer, I have more than once expressed an opinion, that this presumption ought no longer to be admitted, both from the notorious fact, that the generality of persons of this description in this State, are not in truth held as slaves *now*, as well as from the natural consequence which must be supposed to follow our statute for the gradual abolition of slavery, yet it by no means would follow that a person in the actual *possession* of such a colored man, would not be affected by an implied warranty of title. For even at this day, such a property may exist in New Jersey; and the person in possession and selling as his own, must be subject to the same rule as the seller of any other chattel. Much *more* therefore may the seller of such a boy as the one in question, be held to an implied warranty of the right. Such a boy cannot be a slave here. But the presumption that he is subject to service till the age of twenty-five, is much stronger than that the aged man of color, is a slave. The possessor of such a boy, may have a qualified property in his services, with a right to dispose of the same with a control of his person. And selling him without a special disclosure of his right, he must from analogy to the law of chattels, be held under an implied warranty of such a right. It further appeared in evidence, that the boy was, in truth, an indented servant, bound to serve to the age of twenty-one years. But that would not authorize a sale in this manner. Besides, the presumption, and of course the implication is, not that he is

such an *indented* servant, but as it were, a special apprentice under our act of assembly.

The only question remaining is, whether a breach is sufficiently alleged and proved? It appeared on the trial that the defendant below, tendered an assignment of the indenture. The operation of such an assignment, I think may well be questioned in any case. But this is a point I do not mean to decide. It is enough that it is not what the plaintiff had contracted for, as I have endeavored to show, and therefore he was not bound to accept of it.

But it was insisted that this action could not be maintained, till the plaintiff had been lawfully dispossessed of the boy. If this were a valid objection, it would seem to extend to the count, as well as the proof. No such dispossession is alleged; and the evidence is, that on the discovering of the true situation of the boy, the plaintiff offered to restore and tendered him to the defendant, and demanded the wagon again. It was refused by the defendant, and the boy was abandoned by the plaintiff. I hold, that the plaintiff was not bound to expose himself to an action for false imprisonment, or other remedial proceeding, wherein the recovery could not be limited by matter of calculation, but might be extended in the discretion of a jury, to any amount, not giving strong presumptive evidence of undue feeling, passion or prejudice. The case is not within the reason of that rule of law, if it should extend at all to a mere chattel, which requires a plaintiff to rest contented with the possession of the thing in question, till his right was questioned and disproved; where the recovery against him would be limited by fixed and known rules of law. If it were undoubtedly true, that the assignment of the indenture would pass a valid right to the possession and services of the boy, till the age of twenty-one; the plaintiff even then, according to what the counsel insisted on, could not abandon, but must still await the trial of his right. That is, must actually sustain a prosecution, which might result in unknown damages, not the subject of calculation, before he could have an action for a breach of warranty, no matter in how strong terms the contract might

have been made. This is a hazard to which the defendant has no right to expect the plaintiff to submit.

Upon the whole, I perceive no sufficient reason for disturbing the judgment of the court below, and it should be *affirmed.*

HORNBLOWER, C. J. and FORD, J. concurred.

*Judgment affirmed.*

CITED in *Beninger* v. *Corwin,* 4 *Zab.* 261.